■ Burris West, Appellant, v Louis Dozoretz, as Director of the Binghamton Psychiatric Center, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J), entered February 22, 1980 in Broome County, which dismissed plaintiff's claims for damages and for his return from a maximum-security environment to a minimum-security environment and denied his claim for attorney's fees. On January 8, 1979, plaintiff was admitted to the Binghamton Psychiatric Center after he allegedly slashed his wife's face repeatedly with a broken beer mug and thereby caused her to sustain some 1,500 stitches about her face. As a result of the attack, plaintiff was charged with assault in the first degree, and he was later found not guilty by reason of insanity on December 19, 1979. Following this verdict, he was transferred from a minimum-custody environment to a maximum-custody environment at the Binghamton Psychiatric Center in accordance with the policy developed by the Department of Mental Hygiene to implement CPL 330.20. With these circumstances prevailing, plaintiff commenced the instant action wherein he sought $10,000 in compensatory damages for his transfer to a maximum-custody environment, an order directing his return to a minimum-custody environment and an award of counsel fees under the Federal statute (US Code, tit 42, § 1988). At Special Term, the court ultimately dismissed the damage claim on the ground that it lacked subject matter jurisdiction over the claim and personal jurisdiction over plaintiff, dismissed the claim for an order directing plaintiff's return to a minimum-custody environment as moot and academic since he had already been returned to such an environment, and denied his claim for attorney's fees. On this appeal, plaintiff challenges only the denial of attorney's fees, and we find that the court's action should be sustained. Pursuant to the Federal statute, the court may in its discretion

allow "the prevailing party" in certain actions to recover a reasonable attorney's fee (US Code, tit 42, § 1988). In this instance, however, plaintiff has failed to demonstrate that he was such a "prevailing party" or that defendant was in any way liable to him (cf. *Hanrahan v Hampton,* 446 US 754). Instead, the record indicates that he was returned to a minimum-custody environment under the normal review procedures of the Department of Mental Hygiene and not as a result of the present action. Clearly, no abuse of discretion by Special Term has been established. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.